UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YADI MARK | CIVIL ACTION |
| VERSUS | NO. 15-7103 |
| NEW ORLEANS CITY, ET AL. | SECTION "G" (3) |

REPORT AND RECOMMENDATION

On November 29, 2016, the District Court approved the consent judgment in the above-captioned lawsuit. [Doc. #40]. The District Court referred the determination of the amount of reasonable attorneys' fees and costs to the undersigned Magistrate Judge, and this Court ordered the parties to file the appropriate motions for summary judgment. [*Id.* & Doc. #42]. Now before the Court are the motion for summary judgment filed by plaintiff Yadi Mark [Doc. #44] and the cross-motion for summary judgment filed by defendants. [Doc. #52]. For the reasons set forth below, IT IS RECOMMENDED that order and judgment issue awarding attorneys' fees and costs in favor of plaintiff Yadi Mark in the amount $38,934.01.

**I.    Background**

The underlying facts of this lawsuit are generally not relevant to the issue of attorneys' fees and costs. Suffice it to say that Mark, a prolific filer of suits in this Court since 1996, sued defendants the City of New Orleans and its mayor Mitch Landrieu under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* As noted, the parties settled, and the District Court approved the consent judgment on November 29, 2016. Mark now seeks $41,493.15 in attorneys' fees and $6,829.00 in costs.

II.     Analysis

   A.     **Whether Mark is a "prevailing party" under the ADA**

The parties first dispute whether Mark is a prevailing party under the ADA. Defendants cite *Buckhannon on Bd. & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), as support for their argument that Mark is not a prevailing party because she did not receive a judgment on the merits or a consent decree, essentially a "judicial imprimatur" on the change in defendants' actions. Defendants contend that they voluntarily entered a settlement agreement with Mark, and she is not entitled to attorneys' fees and costs for the voluntary change in their conduct under *Buckhannon*.

Defendants' argument misses the mark. Unfortunately for defendants, voluntarily or not, they entered a "Consent Judgment" with Mark, for which the parties **jointly** filed a motion to approve before the District Court [Doc. #38], which that Court signed, specifically approving the consent judgment. This Court finds that the parties' filing of the motion for consent judgment and the District Court's explicit approval thereof constitute the "judicial imprimatur" necessary to render Mark a prevailing party.

   B.     **The Lodestar Approach**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood*

*v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

1.  **Reasonable Hourly Rates**

Turning to the accounting statement and affidavit submitted by Mark's counsel, this Court must determine whether the hourly rates of $325.00/hour for Andrew Bizer, $225.00/hour for Garret DeReus, $200.00/hour for Marc Florman, and $150.00/hour for Amanda Klevorn are reasonable given counsel's ability, competence, experience, and skill. Bizer is a partner with 14 years of experience, and DeReus is a partner with four years of experience. Both Florman and

Klevorn are associates with four years of experience. Defendants ask the Court to reduce these hourly rates.

This Court's review of the case law in this district for the past five years reveals that the requested hourly rates require an adjustment based on the practice of law in this district. *See, e.g., Curry v. Lou Rippner, Inc.*, Civ. A. No. 14-1908, 2016 WL 236053 (E.D. La. Jan. 20, 2016) (approving $210.00/hour for attorney with 15 years experience and $190.00/hour for attorney with 11 years experience); *McIntyre v. Gilmore*, Civ. A. No. 15-282, 2015 WL 4129378 (E.D. La. July 8, 2015) (approving $250.00/hour for partners with 24 and 11 years of experience); *J&J Sports Prods., Inc. v. Evolution Entm't Group, L.L.C.*, Civ. A. No. 13-5178, 2014 WL 6065601 (E.D. La. Nov. 12, 2014) (approving $300.00/hour for attorney with 32 years experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250.00/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300.00/hour to $275.00/hour for attorney with 34 years experience and from $300.00/hour to $250.00/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450.00/hour to $350.00/hour for attorney with 30 years experience and from $300.00/hour to $275.00/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350.00/hour for partners with 30 and 36 years experience).

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are beyond the

higher end of the range of the market rate in this area. The Court finds that $275.00/hour is a reasonable rate for the services of Bizer, $175.00/hour is a reasonable rate for DeReus, a member with four years of experience, and $150.00/hour for Florman and Klevorn, both associates with four years of experience.

In addition, after reviewing the case law in this district, the Court further finds that $90.00/hour for the paralegal is reasonable. *See, e.g., Spectrum Communication Specialists, L.L.C. v. KMJ Servs., Inc.*, Civ. A. No. 09–159, 2009 WL 4163524 (E.D. La. Nov. 23, 2009); *Landry v. Caine & Weiner, Inc.*, Civ. A. No. 12–2060, 2013 WL 4591445 (E.D. La. Aug. 28, 2013) (approving hourly rate of $100/hour for paralegal).

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed the accounting statement and accompanying affidavit submitted

5

on behalf of plaintiff's counsel and finds the hours expended by counsel to be reasonable. Bizer alleges that he expended 33.27 hours, DeReus alleges that he expended 34.52 hours, and Florman and Klevorn allege that they expended 109.83 and 2.89 hours respectively. The paralegal also alleges time of 5.71 hours. Defendants advance numerous arguments to decrease Mark's counsel's hours, arguing that the majority of them are unreasonable and unnecessary. After a line-by-line review of counsel's billing statements, the Court finds only one of these arguments persuasive.

While counsel reduced their hours by 28.87 hours (or 13%), counsel recognizes that a clerical error led to a failure to further reduce their hours by 2.06 hours. This, the Court will remedy. Defendants also ask this Court to reduce the hours that counsel spent on settlement, on research, and on interoffice communications, noting that these attorneys routinely litigate cases under the ADA. However, the Court notes – and finds Mark's counsel's arguments persuasive – that the majority of the work in this lawsuit was performed by Florman who, for example, may not be as well versed in ADA law as Bizer but who bills less than the partners assigned to this case. The Court's review of those billing entries in defendants' motion reveals no abuse of time entries related to research and/or settlement efforts. Indeed, the parties spent an inordinate amount of time on negotiations, which resulted in a final consent judgment.

Defendants also ask the Court to strike and/or reduce Mark's counsel's time spent on drafting this motion. Yet the Court notes that defendants filed a 25-page opposition, litigating everything from whether Mark is a prevailing party to whether they – who are not prevailing parties – are entitled to their own attorneys' fees. Defendants even filed their own cross-motion for summary judgment, thereby necessitating an opposition – and more hours – from Mark. A

defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980) (en banc). The Court finds that counsel's reduction of their overall billing hours demonstrates billing judgment under these circumstances.

### 3. The *Johnson* Factors

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *see Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

Mark tersely argues that the novelty of the legal question, the superior results obtained by Mark, and the experience and quality of counsel, whose expertise in civil rights litigation drove this case to an efficient resolution. This Court finds otherwise. This is not an exceptional case, and, while counsel may be experienced and qualified, this Court has already subsumed such factors into its analysis above. The *Johnson* factors warrant no adjustment here.

### 4. Costs

Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir.2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Here, under 42 U.S.C. § 12205, the prevailing party in an action brought pursuant to the ADA may additionally recover litigation expenses and costs, which are defined in the preamble of the ADA as including "items such as expert witness fees, travel expenses, etc." *Gilmore v. Elmwood South, L.L.C.*, Civ. A. No. 13-37, 2015 WL 1245770 at *7 (E.D. La. Mar. 18, 2015) (citing 28 C.F.R. Pt. 35, App. A); *see also Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 17 (1st Cir. 2011) ("reasonable costs and expenses for travel, printing, and photocopying can be recovered in a fee-shifting proceeding"); *Hansen v. Deercreek Plaza, L.L.C.*, 420 F.Supp.2d 1346, 1353 (S.D. Fla. 2006) ("§ 12205 provides direct

authority for the award of expert fees"). The Court will award such costs upon certification that they were "necessarily incurred in the case." *Gilmore*, 2015 WL 1245770, at *7.

When cost-seekers neglect to supply any verification that the costs claimed were "necessarily incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," the district court does not abuse its discretion by denying all costs except filing fees. *Phetosomone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993); *accord Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 517, 518, 519 (N.D. Miss. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983)).

Here, Mark seeks the following costs which are recoverable pursuant to Section 12205: $4,721.79 in expert fees for Nicholas Heybeck (expert ADA engineer); $900.00 in expert fees for Charles Maffey (financial expert); $325.07 in expert air travel (for Nicholas Heybeck's Rule 34 Inspection); and $370.00 in transportation fees (Transportation to Assist with Mr. Heybeck's Rule 34 Inspection). Mark also seeks the $400.00 filing fee and $112.50 service fee under Rule 54(d).

The Court allows the fees of $400.00 and $112.50 under Rule 54. The Court also sanctions the other fees as allowable under Section 12205. The affidavit of counsel expressly outlines the lengths to which Mark's expert Nicholas Heybeck went to document the parking in the French Quarter. Defendant can not complain that Heybeck had to file a supplemental report given their production of a six-year old document that contradicted some of the findings of Heybeck's first report *after* Heybeck had produced it. And defendants can not bemoan that Mark hired a financial expert given that they themselves had listed a financial expert on their witness list. [Doc. #32]. *See Copeland*, 641 F.2d at 905. Accordingly, the Court approves the costs.

## III. Defendants' Claim for Attorneys' Fees and Costs

Defendants also ask the Court for their attorneys' fees and costs because Mark made no pre-suit demand, and litigation may have been unnecessary. Defendants cite no law that a pre-suit demand is required under the ADA, and this Court has found none.

Notwithstanding this finding, this Court notifies all parties that it is well aware of the abuses being committed in the name of the ADA. As so well stated by the Middle District of Florida:

> This statutory scheme has resulted in an explosion of private ADA-related litigation. For example, in this District alone, there have been hundreds of Title III cases filed in the past three years. These cases have been filed by a relatively small number of plaintiffs (and their counsel) who have assumed the role of private attorneys general.
> This lawsuit is a case in point. Here, suit was filed less than a week after Plaintiff's counsel verified the ADA deficiencies. There was no effort to communicate with the property owner to encourage voluntary compliance, no warning and no offer to forbear during a reasonable period of time while remedial measures are taken.
> Why would an individual like Plaintiff be in such a rush to file suit when only injunctive relief is available? Wouldn't conciliation and voluntary compliance be a more rational solution? Of course it would, but pre-suit settlements do not vest plaintiffs' counsel with an entitlement to attorney's fees. *Buckhannon Bd. and Care Home, Inc., v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Moreover, if a plaintiff forebears and attempts pre-litigation resolution, someone else may come along and sue first. The current ADA lawsuit binge is, therefore, essentially driven by economics - that is, the economics of attorney's fees.

*Rodriguez v. Investco, L.L.C.*, 305 F. Supp. 2d 1278, 1281-82 (M.D. Fla. 2004). That is all this Court need say.

## IV. Conclusion

For the foregoing reasons, and after the deduction of 2.06 hours ($507.50) and the reduction of Mark's counsel's rates,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment on Attorneys' Fees and Costs [Doc. #44] be GRANTED IN PART to the extent that counsel for plaintiff Yadi Mark be awarded $32,104.65 in attorneys' fees and $6,829.36 in costs, for a total of $38,934.01.[1]

**IT IS FURTHER RECOMMENDED** that Defendants' Cross-Motion for Summary Judgment on Attorneys' Fees and Costs [Doc. #52] be GRANTED IN PART to the extent that this Court has reduced Mark's counsel's hourly rates and DENIED IN PART.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 4th day of May, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court declines to award any fees and costs for filings after the original motions and oppositions.